Filed 12/15/25  P. v. Alejandre CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILSON ALEJANDRE,<br><br>    Defendant and Appellant. | H052086<br>(Santa Clara County<br>Super. Ct. Nos. C1894263,<br>C2012789 & F2101335) |

Defendant Wilson Alejandre appeals from three trial court judgments: one entered after conviction by a jury (docket No. C1894263) (jury trial case), and two entered after conviction by no contest plea (docket Nos. C2012789 & F2101335) (plea cases).

Appointed appellate counsel for Alejandre filed a brief asking this court to review the record to determine whether there are any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Alejandre was advised of the right to file a supplemental brief but has not responded.

After reviewing the record, this court requested supplemental briefing from counsel and the Attorney General on four issues related to the trial court's documentation for the judgments in the plea cases.  Having reviewed

the parties' supplemental briefing, we affirm all the judgments but direct the trial court to correct errors in minute orders and the abstract of judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

A. *Jury Trial Case*

On January 30, 2020, in docket No. C1894263, the Santa Clara County District Attorney filed an amended information charging Alejandre with possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1); count 1). The information additionally alleged that Alejandre had suffered a strike prior conviction (strike prior) (§§ 667, subds. (b)–(i), 1170.12) and had served two prior prison terms (prison prior) (§ 667.5, subd. (b)).[2]

Alejandre's jury trial took place in January 2020. The trial evidence established the following:

In June 2018, San Jose Police Department Officers Sean Delgado and Justin Lucas responded to a disturbance call involving males playing loud music and possibly breaking bottles at an apartment complex. The officers saw several people in the complex's parking area. As the officers approached the group, the officers saw Alejandre turn partially away from them, remove something from the area of his waistband, and toss it over a fence. Officer Delgado heard a "thump" coming from the other side of the fence and thought

---

[1] All further unspecified statutory references are to the Penal Code.

[2] The prison prior allegations stated that Alejandre had served prison terms for convictions of possession of stolen property (§ 496) and first degree burglary (§§ 459, 460). Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b) to eliminate the prison prior enhancement for all crimes except certain sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Thus, the instant prison priors alleged were legally invalid, and the trial court properly did not impose any sentence enhancement based on those allegations.

Alejandre had "tossed a bottle." Officer Lucas likewise heard an impact and believed Alejandre had thrown a gun over the fence.

After the officers directed the people to leave the area, Officer Delgado looked over the fence and saw a firearm (but no beer bottles) on the ground. The officers proceeded to look for Alejandre and arrested him within the apartment complex. Officer Lucas retrieved the firearm, a Glock 26 semiautomatic pistol. A resident of the property on which the gun was found confirmed that the recovered gun was not his, and all his firearms were accounted for.

At trial, Alejandre stipulated that he had previously been convicted of a felony, and he did not present any evidence in his defense.

On January 31, 2020, the jury found Alejandre guilty on count 1. The trial court held a bifurcated proceeding on the strike prior allegation, and Alejandre admitted that allegation.

B. *Plea Cases*

1. Docket No. C2012789

In August 2020, deputies responded to a fight in a jail dorm and saw Alejandre's codefendants (Alfonso Lucio Carrillo and Conrado Seguranava) punching a man several times. Surveillance footage showed that Alejandre had initiated the unprovoked attack by approaching the victim from behind and hitting him several times on the left side of the face in a stabbing motion. Carrillo and Seguranava joined the attack and punched the victim several times in the head and torso. Alejandre passed an object to another codefendant (Joshua Davis Chand), and they retreated to a bathroom. The victim sustained lacerations on his upper left eyebrow and the top of his head; he received sutures at a hospital. The assault was determined to be a Norteño gang attack.

3

On September 30, 2020, the district attorney filed a complaint charging Alejandre and three codefendants with two counts: conspiracy to commit assault with a deadly weapon (§§ 182, subd. (a)(1), 245, subd. (a)(1); count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). As to each count, the complaint alleged that Alejandre committed the offense for the benefit of, at the direction of, and in association with the Norteño criminal street gang (gang enhancement) (§ 186.22, subd. (b)(1)(C)) and that Alejandre personally inflicted great bodily injury (GBI enhancement) (§ 12022.7, subd. (a)). The complaint further alleged that Alejandre had suffered a strike prior (§ 1170.12) and a serious felony conviction (§ 667, subd. (a)).

2. <u>Docket No. F2101335</u>

In May 2021, police officers responded to a single-vehicle traffic collision. The vehicle had hit a tree, and Alejandre and his passenger were trapped in the vehicle. After firefighters extracted Alejandre from the driver's seat, he attempted to flee. Officers apprehended Alejandre and noticed the odor of an alcoholic beverage. Alejandre "told officers 'I don't want to go to jail.'" A records check revealed that Alejandre was on active parole. Later, Alejandre told police that he was in the back seat of the vehicle and did not remember anything about the collision. The passenger told police that he recalled drinking tequila shots with Alejandre before the collision. The passenger sustained several broken bones and other injuries in the collision that required multiple surgeries.

On September 9, 2021, the district attorney filed a complaint charging Alejandre with driving under the influence causing injury (DUI causing injury) (Veh. Code, § 23153, subd. (g); count 1) and an attached GBI enhancement allegation (§ 12022.7, subd. (a)). The complaint further alleged that Alejandre had suffered a strike prior (§ 1170.12) and was on supervised

own-recognizance release at the time of the offense (on-release enhancement) (§ 12022.1, subd. (b)).

      3. <u>Change of Plea Hearing</u>

On August 18, 2022, the trial court held a plea hearing in docket Nos. C2012789 and F2101335. Alejandre and the district attorney entered into a negotiated plea agreement in both cases.

In No. C2012789, Alejandre pleaded no contest to count 2 (§ 245, subd. (a)(1)). Additionally, Alejandre admitted an amended gang enhancement allegation (§ 186.22, subd. (b)(1)(B)) attached to count 2 and the strike prior allegation (§ 1170.12).

In No. F2101335, the district attorney explained to the trial court that Alejandre is "not admitting the GBI [enhancement allegation] as part of the negotiated disposition." Alejandre's defense counsel confirmed that fact, and the written plea agreements do not mention any admission of the GBI enhancement allegation (§ 12022.7, subd. (a)) attached to count 1. In accordance with counsels' statements and the plea agreements, Alejandre pleaded no contest to count 1 (Veh. Code, § 23153, subd. (g)) and admitted the strike prior allegation (§ 1170.12).

Regarding Alejandre's change of plea in No. F2101335, the trial court's clerk originally generated a minute order that did not mention the GBI enhancement allegation attached to count 1. Subsequently, the clerk generated an undated "correction" (capitalization omitted) to the original minute order (hereafter corrected minute order) that states Alejandre "admits" (capitalization omitted) the GBI enhancement (§ 12022.7, subd. (a)).

Under the plea agreements, the parties stipulated that Alejandre would receive a total sentence of six years eight months for all three of his cases (i.e., the jury trial case and the plea cases). The district attorney submitted

5

any remaining charges and allegations for dismissal at sentencing. The trial court accepted Alejandre's pleas and adopted the findings and orders contained in the written plea agreement forms.

C. *Joint Sentencing Hearing*

On November 4, 2022, the trial court held a joint sentencing hearing for Alejandre's three cases.

In No. C2012789, as the "primary sentence," the trial court imposed a four-year term on count 2 (assault with a deadly weapon (§ 245, subd. (a)(1))), consisting of the low term of two years, doubled pursuant to the strike prior. The court struck the additional five-year punishment on the gang enhancement (§ 186.22, subd. (b)(1)(B)) under section 186.22, subdivision (h). The court awarded a total of 532 days of custody credits, comprising 463 days of actual custody credits plus 69 days of local conduct credits (§ 2933.1).

In No. F2101335, the trial court stated that Alejandre had "pled to [c]ount 1 and *admitted* the enhancement under [section] 12022.7[, subdivision] (a) and admitted [the] prior strike." (Italics added.) Alejandre's defense counsel did not object to or rebut the court's incorrect statement that Alejandre had admitted the GBI enhancement allegation.

On count 1 (DUI causing injury (Veh. Code, § 23153, subd. (g))), the trial court imposed a consecutive term of 16 months (one-third of the two-year middle term, doubled pursuant to the strike prior). Regarding the GBI enhancement, the court said, "I will strike that punishment. That is stricken under Penal Code [s]ection 1385[, subdivision] (b)(1[]])." The court awarded a total of 2 days of actual custody credits and 0 days of local conduct credits.

The trial court dismissed the remaining counts and allegations in the plea cases.

6

In No. C1894263, on the sole count of possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1), the trial court imposed a consecutive term of 16 months (one-third of the two-year middle term, doubled pursuant to the strike prior). The court awarded a total of 350 days of custody credits, comprising 305 days of actual custody credits plus 45 days of local conduct credits (§ 2933.1).

Regarding fines, fees, and assessments, in each case, the trial court imposed a $300 restitution fine (§ 1202.4) but stayed execution of that fine pending a showing by the district attorney of Alejandre's ability to pay. The court also imposed and suspended a $300 parole revocation restitution fine (§ 1202.45). In each of the three cases, the court waived the court security fee (§ 1465.8) and the criminal conviction assessment (Gov. Code, § 70373). Similarly, in No. F2101335, the court "waive[d] the fine and penalty assessment" "given [Alejandre's] financial situation," as well as the "alcohol fee" (Gov. Code, § 23645).

At the conclusion of the sentencing hearing, the district attorney stated that the People had no objection to Alejandre's sentence and acknowledged that the sentence "was actually the People's offer."

D. *Postjudgment Events*

A year and one-half after Alejandre's sentencing, counsel from the Sixth District Appellate Program filed a motion in this court requesting relief from default and permission to file a late notice of appeal from the November 4, 2022 judgments in Alejandre's three cases. Counsel alleged that Alejandre's defense counsel had provided ineffective assistance of counsel by failing to properly advise Alejandre of his appellate rights and by failing to file a timely notice of appeal.

7

In June 2024, this court granted Alejandre's unopposed request for relief from default and ordered that Alejandre could file a notice of appeal from his November 4, 2022 judgments.

On June 20, 2024, in all three cases, Alejandre filed a notice of appeal from the judgment, deemed timely pursuant to this court's June 2024 order. As to the plea cases, Alejandre requested a certificate of probable cause.

On March 7, 2025, the trial court issued a certificate of probable cause for the plea cases.

After this court received Alejandre's *Wende* brief and independently reviewed the record, we requested supplemental briefing on four issues related to the judgments in the plea cases: (1) Whether, at the plea hearing held on August 18, 2022, in No. F2101335, Alejandre admitted the GBI enhancement allegation (§ 12022.7, subd. (a)) attached to count 1; (2) Whether the trial court imposed sentence on the GBI enhancement allegation attached to count 1 in No. F2101335; (3) Whether the trial court imposed sentence on the gang enhancement (§ 186.22, subd. (b)(1)(B)) attached to count 2 in No. C2012789; and (4) If any of the actions (or the court documentation of them) in issues Nos. 1–3 were in error, whether this court should remedy them and, if so, how?

Alejandre and the Attorney General each filed a supplemental brief addressing the identified issues.

## II. DISCUSSION

A. *Correction to Docket No. F2101335*

In the supplemental briefing, Alejandre and the Attorney General agree that in No. F2101335, Alejandre did not admit the GBI enhancement allegation (§ 12022.7, subd. (a)) attached to count 1. We concur.

Given that the record contains a corrected minute order for the August 18, 2022 plea hearing that erroneously states Alejandre "admits" (capitalization omitted) the GBI enhancement allegation, we direct the trial court to amend the corrected minute order to strike the reference to Alejandre's admission of the GBI enhancement allegation (§ 12022.7, subd. (a)) attached to count 1.

Relatedly, the parties agree in their supplemental briefing that because section No. 2 of the amended abstract of judgment (dated December 22, 2023) does not list the unadmitted GBI enhancement allegation attached to count 1, no action by this court with respect to sentencing on that enhancement is necessary. We concur.

Notwithstanding the fact that the trial court said it "will strike th[e] punishment" for the unadmitted GBI enhancement allegation, given that the corresponding sentencing minute order and the amended abstract of judgment state that the unadmitted GBI enhancement allegation was stricken, we will not order any correction of the sentencing records in No. F2101335.

B. *Correction to Docket No. C2012789*

Regarding No. C2012789, Alejandre and the Attorney General acknowledge in their supplemental briefing that the amended abstract of judgment fails to correctly reflect the trial court's oral pronouncement of judgment on the gang enhancement (§ 186.22, subd. (b)(1)(B)) attached to count 2.

The amended abstract of judgment (dated December 22, 2023) states on an attachment page that the gang enhancement (§ 186.22, subd. (b)(1)(B)) attached to count 2 was "[s]tricken" pursuant to section 186.22, subdivision (h). Likewise, the sentencing minute order (dated November 4, 2022) states

9

that that gang enhancement was "[s]trkn." Those descriptions of the trial court's oral pronouncement on the gang enhancement are incorrect. The court did not strike the gang enhancement itself. Rather, the court struck its "additional five-year punishment."

To conform the abstract of judgment and the sentencing minute order to the trial court's oral pronouncement of judgment (see *People v. Mitchell* (2001) 26 Cal.4th 181, 185), we direct the trial court to prepare a new abstract of judgment that lists the gang enhancement (§ 186.22, subd. (b)(1)(B)) attached to count 2 in section No. 2 of the abstract of judgment and that indicates the trial court struck the punishment ("PS") for that enhancement. We also direct the trial court to amend the sentencing minute order to note that the additional punishment for the gang enhancement was stricken.

Relatedly, the trial court should ensure that the new abstract of judgment does not state on an attachment page that the court struck the gang enhancement in No. C2012789.

C. *Wende Review*

Having otherwise undertaken an examination of the entire appellate record (see *Wende*, *supra*, 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106), we find no arguable error that would result in a disposition more favorable to Alejandre.

## III. DISPOSITION

The judgments in docket Nos. C1894263, C2012789, and F2101335 are affirmed. In docket No. F2101335, the trial court is directed to amend the corrected minute order for the August 18, 2022 plea hearing to strike the reference to Alejandre's admission of the great bodily injury enhancement allegation (Pen. Code, § 12022.7, subd. (a)) attached to count 1. The trial

10

court is further directed to prepare a new abstract of judgment that, for docket No. C2012789, lists the gang enhancement (Pen. Code, § 186.22, subd. (b)(1)(B)) attached to count 2 in section No. 2 of the abstract and indicates that the trial court struck the punishment ("PS") for that enhancement. We also direct the trial court to amend the sentencing minute order for the November 4, 2022 sentencing in docket No. C2012789 to note that the additional punishment for that gang enhancement was stricken.

The trial court clerk is directed to forward a copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P. J.


_____
Bromberg, J.


**H052086**
*People v. Alejandre*